UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID FLORENCE,<br><br>    Plaintiff,<br><br>    v.<br><br>S. FRAUENHEIM, et al.,<br><br>    Defendants. | CASE NO. 1:15-cv-01383-AWI-MJS (PC)<br><br>**ORDER DISMISSING COMPLAINT**<br><br>**(ECF NO. 1)**<br><br>**AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff's complaint is before the Court for screening.

**I.    SCREENING REQUIREMENT**

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.    PLEADING STANDARD**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States."

Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

### III. **PLAINTIFF'S ALLEGATIONS**

The acts giving rise to this action occurred at Pleasant Valley State Prison ("PVSP") in Coalinga, California. Plaintiff names as Defendants PVSP Correctional Officer ("CO") R. Reser and PVSP Warden Scott Frauenheim.

Plaintiff's allegations may be summarized essentially as follows.

Plaintiff transferred to PVSP on December 5, 2012, with nine boxes of personal property. Upon Plaintiff's arrival, CO Reser told Plaintiff that he was only allowed four boxes and then, due to prison policy, confiscated six CDs containing explicit lyrics. Reser

also confiscated a hot pot, tennis shoes, and an extension cord. Plaintiff filed an appeal regarding Defendant's confiscation of the CDs, but this appeal was denied.

In January or February 2013, Plaintiff suffered a nervous breakdown. He was placed in a crisis room and then transferred to California Medical Facility for treatment. Plaintiff was eventually transferred to Richard J. Donovan Correctional Facility ("RJD"), where he is presently housed. Since his personal property remained at PVSP following his nervous breakdown, he sent a letter on June 26, 2013, to Defendant Warden Frauenheim requesting that the property be forwarded to him at RJD because of upcoming court deadlines.

In August 2013, Plaintiff received some of his personal property, but his legal documents were missing and some personal items were damaged. Plaintiff wrote to Defendant Warden Frauenheim directly regarding his missing legal documents and damaged personal property. The letter was forwarded to Lieutenant K.D. Geringer, who advised Plaintiff on October 7 2013, to submit inmate appeals regarding his property issues. Plaintiff thereafter filed many appeals regarding his personal property. He now alleges, in essence, that his appeals were improperly processed, rejected, cancelled and/or otherwise inappropriately evaluated.

Plaintiff brings retaliation and denial of court access claims against the Defendants, as well as state law claims for violation of California Penal Code § 5058 and California Government Code § 19572(f). He seeks damages and declaratory relief.

**IV.   ANALYSIS**

    **A.   First Amendment Retaliation**

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not

3

reasonably advance a legitimate correctional goal ." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and citations omitted).

Under the first element, plaintiff need not prove that the alleged retaliatory action, in itself, violated a constitutional right. Pratt v. Rowland, 65 F.3d 802, 806 (1995) (to prevail on a retaliation claim, plaintiff need not "establish an independent constitutional interest" was violated); see also Hines v. Gomez, 108 F.3d 265, 269 (9th Cir. 1997) ("[P]risoners may still base retaliation claims on harms that would not raise due process concerns."); Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985) (transfer of prisoner to a different prison constituted adverse action for purposes of retaliation claim). The interest cognizable in a retaliation claim is the right to be free of conditions that would not have been imposed but for the alleged retaliatory motive. However, not every allegedly adverse action is sufficient to support a claim for retaliation under § 1983. Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (harm must be "more than minimal" (quoting Rhodes, 408 F.3d at 568, n.11)); see also Bell v. Johnson, 308 F.3d 594, 603 (6th Cir. 2002) ("[S]ome adverse actions are so de minimis that they do not give rise to constitutionally cognizable injuries." (citing Thaddeus-X v. Blatter, 175 F.3d 378, 396 (6th Cir. 1999))).

To prove the second element, retaliatory motive, plaintiff must show that his protected activities were a "substantial" or "motivating" factor behind the defendant's challenged conduct. Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009) (quoting Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989)). Plaintiff must provide direct or circumstantial evidence of defendant's alleged retaliatory motive; mere speculation is not sufficient. See McCollum v. CDCR, 647 F.3d 870, 882-83 (9th Cir. 2011); accord, Wood v. Yordy, 753 F.3d 899, 905 (9th Cir. 2014). In addition to demonstrating defendant's knowledge of plaintiff's protected conduct, circumstantial evidence of motive may include: (1) proximity in time between the protected conduct and the alleged retaliation; (2) defendant's expressed opposition to the protected conduct;

and (3) other evidence showing that defendant's reasons for the challenged action were false or pretextual. McCollum, 647 F.3d at 882 (quoting Allen v. Iranon, 283 F.3d 1070, 1077 (9th Cir. 2002)).

The third element includes prisoners' First Amendment right to access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). While prisoners have no freestanding right to a prison grievance process, see Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), "a prisoner's fundamental right of access to the courts hinges on his ability to access the prison grievance system," Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995), overruled on other grounds by Shaw v. Murphy, 532 U.S. 223, 230 n.2 (2001). Because filing administrative grievances and initiating civil litigation are protected activities, it is impermissible for prison officials to retaliate against prisoners for engaging in these activities. Rhodes, 408 F.3d at 567.

Under the fourth element, plaintiff need not demonstrate a "total chilling of his First Amendment rights," only that defendant's challenged conduct "would chill or silence a person of ordinary firmness from future First Amendment activities." Rhodes, 408 F.3d at 568-69 (emphasis in original, citation and internal quotation marks omitted). Moreover, direct and tangible harm will support a retaliation claim even without demonstration of a chilling effect on the further exercise of a prisoner's First Amendment rights. Id. at 568 n. 1. "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm" as a retaliatory adverse action. Brodheim, 584 F.3d at 1269 (citing Rhodes, 408 F.3d at 568 n.11).

Regarding the fifth element, the Ninth Circuit has held that preserving institutional order, discipline, and security are legitimate penological goals that, if they provide the motivation for an official act taken, will defeat a claim of retaliation. Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994); Rizzo, 778 F.2d at 532. When considering this final factor, courts should "'afford appropriate deference and flexibility' to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be

retaliatory." Pratt, 65 F.3d at 807 (quoting Sandin v. Conner, 515 U.S. 472, 482 (1995)). Plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for defendant's challenged conduct. Pratt, 65 F.3d at 806.

Plaintiff accuses Defendant Reser of withholding Plaintiff's legal materials and damaging his personal property in response to Plaintiff's filing of a grievance. Plaintiff's claim, however, is purely speculative.  It contains no alleged facts that might be said to connect Reser to the missing and damaged property or to suggest that the property was taken for other than legitimate penological reasons. Rather, Plaintiff apparently assumes Reser is responsible because Reser objected to the volume of Plaintiff's personal property. Indeed, no facts suggest Reser was even aware of Plaintiff's grievance.

The same is true regarding the purported retaliation claim against Warden Frauenheim. Plaintiff asserts that the warden conspired with Reser and other COs to steal his legal materials and damage his personal property in response to Plaintiff's filing of multiple appeals. As plead, this allegation also appears to be based solely upon Plaintiff's speculation, assumptions and surmise.  It fails to state a claim.

### B.     Access to Courts

Prisoners have a constitutional right to meaningful access to the courts. Silva v. DiVittorio, 658 F.3d 1090, 1101-02 (9th Cir. 2011). The right of access to the courts protects prisoners' right to file civil actions that have "a reasonable basis in law or fact" without "active interference" by the government. Id. at 1102-03 (internal quotation marks and emphasis omitted). The right of access to the courts "does not require prison officials to provide affirmative assistance in the preparation of legal papers," but does prohibit states from "erecting barriers that impede the right of access of incarcerated persons," such as by depriving prisoners of the "tools necessary to challenge their sentences or conditions of confinement." Id. at 1102-03 (internal brackets and quotation marks omitted).

The Supreme Court distinguishes between "forward-looking" access to the courts

claims, in which the plaintiff alleges that official action is frustrating plaintiff's ability to prepare and file a suit at the present time, and "backward-looking" claims, in which plaintiff alleges that due to official action, a specific case cannot now be tried, or be tried with all material evidence. Christopher v. Harbury, 536 U.S. 403, 413-14 (2002). To state a claim for denial of access to the courts, prisoners must allege an actual injury, i.e., that some official action has frustrated or is impeding plaintiff's attempt to bring a nonfrivolous legal claim. Nevada Dept. of Corrections v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011).

Plaintiff here claims that the Defendants denied him access to the courts. As noted above, Plaintiff fails to adequately link either of the Defendants to the withholding of his legal materials. Plaintiff also fails to allege any injury. He fails to establish that he suffered any prejudice in connection with any contemplated or pending litigation. Accordingly, this claim must be dismissed.

### C.   Fourteenth Amendment Due Process

A prisoner may not be deprived of a protected property interest without due process. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). However, "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to ... property." Daniels v. Williams, 474 U.S. 327, 328 (1986). Similarly, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. at 533. In California, a meaningful postdeprivation remedy is available in the form of a tort claim against public officials pursuant to California Government Code § 900, et seq. See City of West Covina v. Perkins, 525 U.S. 234, 240 (1999). Because the State of California provides a meaningful postdeprivation remedy for any property deprivation that was either negligent or intentional but unauthorized, the allegation of such a deprivation fails to state a claim upon which relief can be granted in the federal courts. Only an authorized, intentional deprivation of property by a public official may

constitute an actionable violation of the Due Process Clause. Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36 (1982).

To the extent Plaintiff's complaint can be construed as asserting a Due Process violation, it fails since it is based on an unauthorized, intentional deprivation, which is not actionable under the Fourteenth Amendment. Plaintiff's allegation that his personal property was wrongfully lost, misplaced, damaged, or stolen reflects a random and unauthorized deprivation of property not cognizable under Section 1983. His property claim may be cognizable under state law, but such a claim must be brought in state court rather than in federal court.

### D.   California Penal Code Section § 5058

Plaintiff asserts a violation of California Penal Code 5058 against both Defendants. A private right of action under a criminal statute has rarely been implied. Chrysler Corp. v. Brown, 441 U.S. 281, 316 (1979). Where a private right of action has been implied, "'there was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." Chrysler Corp., 441 U.S. at 316 (quoting Cort v. Ash, 422 U.S. 66, 79 (1975)). Section 5058 merely authorizes the director of CDCR to prescribe and amend rules and regulations for the administration of the prisons. Accordingly, the Court finds that Plaintiff fails to state any claim upon which relief may be granted under state law based on the alleged violations of California Penal Code § 5058.

### E.   California Government Code § 19572(f)

Lastly, Plaintiff claims that Defendants were dishonest in violation of California Government Code § 19572(f). The Government Code section cited by Plaintiff relates to discipline of state civil service personnel. There is no indication that Plaintiff is authorized to bring a private cause of action based on this Government Code provision.

## V.   CONCLUSION AND ORDER

Plaintiff's complaint does not state a claim for relief. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49

1  (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts
2  resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff
3  must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"
4  Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate
5  that each named Defendant personally participated in a deprivation of his rights. Jones
6  v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

   Plaintiff should note that although he has been given the opportunity to amend, it
is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th
Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on
curing the deficiencies set forth above.

   Finally, Plaintiff is advised that Local Rule 220 requires that an amended
complaint be complete in itself without reference to any prior pleading. As a general rule,
an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d
55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no
longer serves any function in the case. Therefore, in an amended complaint, as in an
original complaint, each claim and the involvement of each defendant must be
sufficiently alleged. The amended complaint should be clearly and boldly titled "First
Amended Complaint," refer to the appropriate case number, and be an original signed
under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P.
8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a
right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations
omitted).

   Accordingly, it is HEREBY ORDERED that:

   1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and
      (2) a copy of his complaint, filed September 10, 2015;

   2. Plaintiff's complaint (ECF No. 1) is dismissed for failure to state a claim upon
      which relief may be granted;

9

3. Plaintiff shall file an amended complaint within thirty (30) days; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will dismiss this action, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated: November 23, 2015        /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE