UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID FLORENCE,<br><br>          Plaintiff,<br><br>     v.<br><br>S. FRAUENHEIM, et al.,<br><br>          Defendants. | CASE NO. 1:15-cv-01383-AWI-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM**<br><br>**(ECF NO. 9)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983.

On November 24, 2015, the Court dismissed Plaintiff's complaint for failure to state a claim but gave leave to amend. (ECF No. 8.) His first amended complaint is before the Court for screening.

**I.     Screening Requirement**

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if

the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.  Pleading Standard

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

## III.  Plaintiff's Allegations

Plaintiff is incarcerated at Kern Valley State prison but complains of acts that occurred at Pleasant Valley State Prison ("PVSP") in Coalinga, California. Plaintiff

1  names as Defendants PVSP Correctional Officer ("CO") R. Reser in his individual
2  capacity, and PVSP Warden Scott Frauenheim in his individual and official capacities.
3      Plaintiff's allegations may be summarized essentially as follows.
4      Plaintiff transferred to PVSP on December 5, 2012, with nine boxes of personal
5  property. Upon Plaintiff's arrival, CO Reser told Plaintiff that he was only allowed four
6  boxes. Plaintiff countered that he had a permissible amount of property – according to
7  Plaintiff, six cubic feet of property and one cubic foot of legal material – because his nine
8  boxes were only half full. Plaintiff threatened to file a grievance. Reser became angry.
9      Reser confiscated six CDs containing explicit lyrics, telling Plaintiff that explicit
10 lyrics were not allowed pursuant to prison policy. Plaintiff stated that he was filing an
11 appeal and asked Reser to hold the CDs. Reser refused, telling Plaintiff to send the CDs
12 home or donate them.
13     Reser removed Plaintiff's civil rights complaint in another case and the related
14 inmate appeals, stating, "You sure don't have a problem with filing 602s." He then
15 stated, I'm going to give you something to file an appeal about," and confiscated
16 Plaintiff's hot pot, orthopedic shoes, extension cord, and other items
17     On December 6, 2012, Plaintiff sent a CDCR Form-22 to the Warden[1] regarding
18 the policy of prohibiting CDs with explicit lyrics and the confiscation of Plaintiff's CDs.
19 Plaintiff received a memorandum back stating that the items were contraband.
20     In January or February 2013, Plaintiff suffered a nervous breakdown. He was
21 placed in a crisis room and then transferred to California Medical Facility for treatment.
22 He then was transferred to California State Prison – Corcoran ("CSP-COR") for ninety
23 days pending transfer to Richard J. Donovan Correctional Facility ("RJD"), where he is
24 presently housed. Since his personal property remained at PVSP following his nervous
25 breakdown, he sent a letter on June 26, 2013, to Defendant Warden Frauenheim

---

[1] Presumably Defendant Warden Frauenheim, although this is not expressly stated.

requesting that the property be forwarded to him at RJD because of upcoming court deadlines.

On August 20, 2013, Plaintiff was called to pick up his personal property at RJD. He was given four boxes of property that were in his cell at the time he was placed in the crisis room. This property had been "transpacked" by non-party correctional officers on December 10, 2012. Some of the property was damaged. Plaintiff's legal documents were missing.

Plaintiff directly sent Defendant Warden Frauenheim several appeals and a letter regarding his missing legal documents, damaged personal property, and the above-described incident with Defendant Reser. The letter was forwarded to Lieutenant K.D. Geringer, who advised Plaintiff on October 7 2013, to submit a Form-22 to the "R-R"[2] sergeant regarding his issues. Plaintiff thereafter filed many appeals regarding his personal property. He now alleges, in essence, that his appeals were improperly processed, rejected, cancelled and/or otherwise inappropriately evaluated. He contends that Defendant Frauenheim falsely stated he did not receive Plaintiff's appeals, impeding Plaintiff's access to the courts.

In December 2013 or January 2014, Plaintiff received a response from PVSP stating that four boxes of property had been located and would be sent to Plaintiff. Plaintiff eventually received three boxes of property.

Plaintiff brings retaliation and denial of court access claims against the Defendants, as well as claims for various provisions of title 15 of the California Code of Regulations and CDCR internal policies and manuals. He seeks damages and declaratory relief.

**IV.  Analysis**

Plaintiff previously was advised of the legal standards applicable to his claim and was afforded the opportunity to cure noted defects in his pleading. Nonetheless, the

---

[2] Presumably "Receiving and Release."

allegations in Plaintiff's amended complaint differ only marginally from the original, defective pleading. Accordingly, the Court will recommended that the action be dismissed for failure to state a claim. The Court again sets forth the legal standards applicable to Plaintiff's claims, although the analysis remains largely the same.

### A. First Amendment Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal ." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and citations omitted).

Under the first element, plaintiff need not prove that the alleged retaliatory action, in itself, violated a constitutional right. Pratt v. Rowland, 65 F.3d 802, 806 (1995) (to prevail on a retaliation claim, plaintiff need not "establish an independent constitutional interest" was violated); see also Hines v. Gomez, 108 F.3d 265, 269 (9th Cir. 1997) ("[P]risoners may still base retaliation claims on harms that would not raise due process concerns."); Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985) (transfer of prisoner to a different prison constituted adverse action for purposes of retaliation claim). The interest cognizable in a retaliation claim is the right to be free of conditions that would not have been imposed but for the alleged retaliatory motive. However, not every allegedly adverse action is sufficient to support a claim for retaliation under § 1983. Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (harm must be "more than minimal" (quoting Rhodes, 408 F.3d at 568, n.11)); see also Bell v. Johnson, 308 F.3d 594, 603 (6th Cir. 2002) ("[S]ome adverse actions are so de minimis that they do not give rise to constitutionally cognizable injuries." (citing Thaddeus-X v. Blatter, 175 F.3d 378, 396 (6th Cir. 1999))).

To prove the second element, retaliatory motive, plaintiff must show that his protected activities were a "substantial" or "motivating" factor behind the defendant's challenged conduct. Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009) (quoting Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989)). Plaintiff must provide direct or circumstantial evidence of defendant's alleged retaliatory motive; mere speculation is not sufficient. See McCollum v. CDCR, 647 F.3d 870, 882-83 (9th Cir. 2011); accord, Wood v. Yordy, 753 F.3d 899, 905 (9th Cir. 2014). In addition to demonstrating defendant's knowledge of plaintiff's protected conduct, circumstantial evidence of motive may include: (1) proximity in time between the protected conduct and the alleged retaliation; (2) defendant's expressed opposition to the protected conduct; and (3) other evidence showing that defendant's reasons for the challenged action were false or pretextual. McCollum, 647 F.3d at 882 (quoting Allen v. Iranon, 283 F.3d 1070, 1077 (9th Cir. 2002)).

The third element includes prisoners' First Amendment right to access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). While prisoners have no freestanding right to a prison grievance process, see Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), "a prisoner's fundamental right of access to the courts hinges on his ability to access the prison grievance system," Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995), overruled on other grounds by Shaw v. Murphy, 532 U.S. 223, 230 n.2 (2001). Because filing administrative grievances and initiating civil litigation are protected activities, it is impermissible for prison officials to retaliate against prisoners for engaging in these activities. Rhodes, 408 F.3d at 567.

Under the fourth element, plaintiff need not demonstrate a "total chilling of his First Amendment rights," only that defendant's challenged conduct "would chill or silence a person of ordinary firmness from future First Amendment activities." Rhodes, 408 F.3d at 568-69 (emphasis in original, citation and internal quotation marks omitted). Moreover, direct and tangible harm will support a retaliation claim even without demonstration of a

chilling effect on the further exercise of a prisoner's First Amendment rights. Id. at 568 n. 1. "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm" as a retaliatory adverse action. Brodheim, 584 F.3d at 1269 (citing Rhodes, 408 F.3d at 568 n.11).

Regarding the fifth element, the Ninth Circuit has held that preserving institutional order, discipline, and security are legitimate penological goals that, if they provide the motivation for an official act taken, will defeat a claim of retaliation. Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994); Rizzo, 778 F.2d at 532. When considering this final factor, courts should "'afford appropriate deference and flexibility' to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory." Pratt, 65 F.3d at 807 (quoting Sandin v. Conner, 515 U.S. 472, 482 (1995)). Plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for defendant's challenged conduct. Pratt, 65 F.3d at 806.

Plaintiff claims that Reser saw that he had filed a civil rights complaint and numerous grievances at his prior institution, and thus retaliated against him by confiscating his CDs. This argument fails. Plaintiff plainly states that Reser confiscated the CDs pursuant to an institutional policy prohibiting explicit lyrics. Thus, Plaintiff fails to allege an absence of legitimate penological interest in light of the institution's determination that the CDs were contraband.

Plaintiff next claims that Reser confiscated other personal items, including a hot pot, shoes, and an extension cord, in retaliation for Plaintiff having threated Reser with a grievance. However, Plaintiff also states that these items were confiscated pursuant to the Department Operations Manual, or DOM. (ECF No. 9 at 25.) Again, Plaintiff's argument fails because he has shown that departmental policy, rather than a retaliatory motive, was the moving force behind Reser's action.

Plaintiff then claims that Reser retaliated against him by keeping or stealing some of Plaintiff's items that remained at PVSP following his transfer. This allegation appears

to be based entirely on speculation. Reser allegedly assumed control of Plaintiff's excess property when the property arrived at the institution. There is nothing to indicate he was responsible for locating or transferring Plaintiff's property after Plaintiff left PVSP.

Plaintiff claims that Defendant Frauenheim retaliated against Plaintiff by stating that he never received some of Plaintiff's appeals. Plaintiff does not provide any facts to suggest that Frauenheim retaliated against him for engaging in protected conduct. This allegation fails to state a claim.

### B.  Access to Courts

Prisoners have a constitutional right to meaningful access to the courts. Silva v. DiVittorio, 658 F.3d 1090, 1101-02 (9th Cir. 2011). The right of access to the courts protects prisoners' right to file civil actions that have "a reasonable basis in law or fact" without "active interference" by the government. Id. at 1102-03 (internal quotation marks and emphasis omitted). The right of access to the courts "does not require prison officials to provide affirmative assistance in the preparation of legal papers," but does prohibit states from "erecting barriers that impede the right of access of incarcerated persons," such as by depriving prisoners of the "tools necessary to challenge their sentences or conditions of confinement." Id. at 1102-03 (internal brackets and quotation marks omitted).

The Supreme Court distinguishes between "forward-looking" access to the courts claims, in which the plaintiff alleges that official action is frustrating plaintiff's ability to prepare and file a suit at the present time, and "backward-looking" claims, in which plaintiff alleges that due to official action, a specific case cannot now be tried, or be tried with all material evidence. Christopher v. Harbury, 536 U.S. 403, 413-14 (2002). To state a claim for denial of access to the courts, prisoners must allege an actual injury, i.e., that some official action has frustrated or is impeding plaintiff's attempt to bring a nonfrivolous legal claim. Nevada Dept. of Corrections v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011).

Plaintiff here claims that the Defendants denied him access to the courts. However, he alleges no injury with respect to any ongoing or intended litigation, nor has he alleged facts to suggest that his ongoing or intended legal actions are nonfrivolous. Instead, Plaintiff alleges only that his many attempts to pursue grievances were thwarted. However, absent some impact on Plaintiff's ability to pursue a nonfrivolous claim in court, this allegation fails to state a claim. As Plaintiff fails to establish that he suffered any prejudice in connection with any contemplated or pending litigation, this claim must be dismissed.

### C. Fourteenth Amendment Due Process

#### 1. Property Seizure

A prisoner may not be deprived of a protected property interest without due process. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). However, "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to ... property." Daniels v. Williams, 474 U.S. 327, 328 (1986). Similarly, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. at 533. In California, a meaningful postdeprivation remedy is available in the form of a tort claim against public officials pursuant to California Government Code § 900, et seq. See City of West Covina v. Perkins, 525 U.S. 234, 240 (1999). Because the State of California provides a meaningful postdeprivation remedy for any property deprivation that was either negligent or intentional but unauthorized, the allegation of such a deprivation fails to state a claim upon which relief can be granted in the federal courts. Only an authorized, intentional deprivation of property by a public official may constitute an actionable violation of the Due Process Clause. Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36 (1982).

To the extent Plaintiff's complaint can be construed as asserting a Due Process violation relating to the box of property that apparently was lost, it fails since it is based on a negligent or unauthorized deprivation, which is not actionable under the Fourteenth Amendment. Plaintiff's allegation that his personal property was wrongfully lost, misplaced, damaged, or stolen reflects a random and unauthorized deprivation of property not cognizable under Section 1983. His property claim may be cognizable under state law, but such a claim must be brought in state court rather than in federal court.

### 2. Grievance Process

Plaintiff does not a have protected liberty interest in the processing his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).

Although prison officials cannot willfully turn a blind eye to constitutional violations being committed by subordinates, Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006), there is no indication in this case that a constitutional violation occurred, let alone that Defendant Frauenheim was aware of but disregarded a constitutional violation.

### D. California Code of Regulations and CDCR Policies

Plaintiff alleges various violations of title 15 of the California Code of Regulations and the Department Operations Manual. However, Plaintiff fails to provide authority for the existence of a private right of action under either authority. See Gonzaga University v. Doe, 536 U.S. 273, 283-86 (2002) (basing a claim on an implied private right of action requires a showing that the statute both contains explicit rights-creating terms and manifests an intent to create a private remedy); Davis v. Powell, 901 F.Supp.2d 1196, 1211 (S.D.Cal. 2012) (no implied private right of action for violation of Title 15 prison regulations). Furthermore, any such claims arise under state law and are not properly

before this Court absent a cognizable federal claim. 28 U.S.C. § 1367(a); <u>Herman Family Revocable Trust v. Teddy Bear</u>, 254 F.3d 802, 805 (9th Cir. 2001).

**V.     Conclusion and Recommendation**

Plaintiff's first amended complaint does not state a cognizable claim for relief. He previously was advised of pleading deficiencies and afforded the opportunity to correct them. He failed to do so. Any further leave to amend reasonably appears futile and should be denied.

The undersigned recommends that the action be dismissed with prejudice, that dismissal count as a strike pursuant to 28 U.S.C. § 1915(g), and that the Clerk of the Court terminate any and all pending motions and close the case.

The findings and recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   July 25, 2016                      /s/ *Michael J. Seng*
                                            UNITED STATES MAGISTRATE JUDGE