UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID FLORENCE,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>S. FRAUENHEIM, R. RESER,<br><br>　　　　　　Defendants. | Case No. 1:15-cv-01383-AWI-JDP<br><br>FINDINGS AND RECOMMENDATIONS THAT<br>　(1) DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE GRANTED IN FULL<br>　(2) ALL OTHER PENDING MOTIONS BE DENIED AS MOOT<br>　(3) THIS CASE BE DISMISSED WITHOUT PREJUDICE<br><br>OBJECTIONS DUE IN 14 DAYS<br><br>ECF Nos. 37, 44 |

　　This matter is before the court on defendants' motion for summary judgment. ECF No. 37. Plaintiff David Florence is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. During the relevant timeframe, defendant S. Frauenheim was the acting warden at Pleasant Valley State Prison ("PVSP") and defendant R. Reser was a receiving and release officer at PVSP. This action proceeds on plaintiff's first amended complaint, which alleges a First Amendment free speech claim against defendants. ECF Nos. 9, 15.

　　On November 13, 2018, defendants moved for summary judgment under Federal Rule of

1

Civil Procedure 56, arguing that defendants are qualifiedly immune because the law was not so clear that they would know their conduct violated the First Amendment. ECF No. 37. Plaintiff filed an opposition to summary judgment on January 11, 2019. ECF No. 47. Defendants replied on January 17, 2019. ECF No. 49. The motion was submitted on the record without oral argument under Local Rule 230(l).[1] Defendants' motion for summary judgment is now before the court, and we recommend granting it.

## I. Statement of Undisputed Facts

On December 5, 2012, plaintiff transferred to PVSP. ECF Nos. 9 at 8; 37-2 at 2; 47 at 9. Defendant Reser processed plaintiff's property upon plaintiff's arrival at PVSP. ECF Nos. 9 at 8-9; 37-5 at ¶¶ 2, 4; 47 at 9-11, 21. While processing plaintiff's property, defendant Reser confiscated approximately six CDs that had parental advisory stickers indicating explicit material. ECF Nos. 9 at 9; 37-4 at 5, 7; 37-5 at ¶ 4; 47 at 27. Defendant Reser confiscated those CDs pursuant to a PVSP policy, ECF Nos. 9 at 41-42; 37-5 at ¶¶ 2-4, 6, which stated that CDs containing "explicit lyrics that promote or depict gang activity, unlawful activities, or any matter of a character tending to incite . . . violence or physical harm . . . will be confiscated as contraband," ECF Nos. 9 at 42; 37-6 at 5. PVSP Warden James A. Yates established the explicit lyrics CD policy in a 2007 memorandum, and defendant S. Frauenheim maintained the policy when he became the acting warden. ECF Nos. 9 at 42; 37-6 at 1-2, 5; 47 at 32. Plaintiff is no longer located at PVSP. ECF No. 50.

## II. Standard of Review

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine if a reasonable trier of fact could find in favor of either party at trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The disputed fact is material if it "might affect the outcome of the suit under the governing law." *See id.* at 248.

---

[1] As required by *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998), plaintiff was provided with notice of the requirements for opposing a summary judgment motion via an attachment to defendant's motion for summary judgment. ECF No. 37-1.

2

The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations or denials in his pleading, *Anderson*, 477 U.S. at 248, but "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)).

In making a summary judgment determination, the court "may not engage in credibility determinations or the weighing of evidence," *Manley v. Rowley*, 847 F.3d 705, 711 (9th Cir. 2017) (citation omitted), and it must view the inferences drawn from the underlying facts in the light most favorable to the non-moving party. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam); *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002).

**III. Analysis**

**A. Qualified Immunity**

Defendants contend that they are entitled to qualified immunity because their challenged conduct did not violate a "clearly established" right. Qualified immunity shields government officials from money damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *City of Escondido, Cal. v. Emmons*, 139 S. Ct. 500, 503 (2019) (per curiam) (internal citations and quotation marks omitted); *accord Felarca v. Birgeneau*, 891 F.3d 809, 815 (9th Cir. 2018). To assess whether qualified immunity attaches, we ask "two questions: (1) whether the facts, taken in the light most favorable to the non-moving party, show that the officials' conduct violated a constitutional right, and (2) whether the law at the time of the challenged conduct clearly established that the conduct was unlawful." *Felarca*, 891 F.3d at 815. These questions may be addressed in any order, and a negative answer to either is sufficient for qualified immunity to attach. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

To determine whether defendants' alleged conduct violated a "clearly established" right, the court must consider whether the defendants "would have had fair notice that the action was unlawful." *Chappell v. Mandeville*, 706 F.3d 1052, 1056-57 (9th Cir. 2013) (internal citations

and quotation marks omitted). The relevant law must be "sufficiently clear that every reasonable official would have understood" that the conduct in question was unlawful. *Rodriguez v. Swartz*, 899 F.3d 719, 732 (9th Cir. 2018).

In this case, it was reasonable for defendants to enforce the PVSP policy against CDs with explicit lyrics. Defendants did not have "fair notice" that confiscating the CDs at issue would be unlawful. Although prisoners retain First Amendment rights while incarcerated, the exercise of such rights is limited by the fact of confinement and the needs of the penal institution. *See Bell v. Wolfish*, 441 U.S. 520, 545 (1979); *Prison Legal News v. Cook*, 238 F.3d 1145, 1149 (9th Cir. 2001). "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safely*, 482 U.S. 78, 89 (1987).

As of December 5, 2012—the date of the relevant incident—some cases with allegations similar to those in this case had been allowed to progress past screening or dispositive motions. *See Lyons v. Bisbee*, No. 3:07-CV-0460-LRH RAM, 2011 WL 2313652, at *15-16 (D. Nev. Apr. 7, 2011), *report and recommendation adopted*, No. 3:07-CV-00460-LRH, 2011 WL 2293333 (D. Nev. June 9, 2011) (finding a challenge to a policy against CDs with explicit lyrics survived summary judgment because no evidence of legitimate penological interests was produced by defendants); *Golden v. McCaughtry*, 915 F. Supp. 77, 79 (E.D. Wis. 1995) (allowing an action challenging a prison policy against cassette tapes with explicit lyrics to proceed after screening complaint for *in forma pauperis* status). However, no court had held that a prison's policy disallowing recorded music with explicit lyrics in prison was unconstitutional. To the contrary, the only final court decisions on the issue had upheld similar policies against First Amendment challenges. *See Herlein v. Higgins*, 172 F.3d 1089, 1091 (8th Cir. 1999) ("In sum, we believe that the ban on the possession of tapes with labels that warn of explicit lyrics is reasonably related to the legitimate penological objective of maintaining prison security."); *Hensley v. Verhagen*, No. 01-C-0495-C, 2002 WL 32344440, at *9 (W.D. Wis. May 23, 2002) (holding that "that the regulation banning cassette tapes and players is reasonably related to legitimate penological interests").

4

Therefore, defendants have shown that a reasonable official at the relevant time would not have known that enforcing the PVSP policy prohibiting CDs with explicit content was unlawful. Defendants are thus qualifiedly immune from money damages. For these reasons, defendants are entitled to summary judgment on the issue of qualified immunity.

**B. Declaratory Judgment**

The defendants in this case are qualifiedly immune from money damages. The only other relief that plaintiff seeks is a declaratory judgment that defendants violated plaintiff's constitutional rights. *See* ECF No. 9 at 33. "[A] declaratory judgment merely adjudicating past violations of federal law—as opposed to continuing or future violations of federal law—is not an appropriate exercise of federal jurisdiction." *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 868 (9th Cir. 2017). In this case, a declaratory judgment would have no impact on plaintiff because he cannot receive damages for the past violation, if any, and because there is no allegation or evidence of a continuing violation against plaintiff. Therefore, plaintiff's claim for a declaratory judgment is moot. *See Bayer*, 861 F.3d at 868 (holding that a "claim for declaratory relief is moot" when there is "no evidence to show the conduct complained of in this action presently affects [plaintiff] or can reasonably be expected to affect [plaintiff] in the future") (internal citations omitted).

**IV. Findings and Recommendations**

For the foregoing reasons, we recommend:

1. that the court grant in full defendants' motion for summary judgment, ECF No. 37;

2. all other pending motions be denied as moot, ECF No. 44; and

3. that this case be dismissed without prejudice.

These findings and recommendations are submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within fourteen days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C.

§ 636(b)(1)(C). If the parties fail to file objections within the specified time, they may waive their rights to object to factual findings on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   February 13, 2019                                                                
UNITED STATES MAGISTRATE JUDGE

No. 204